UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

J.E.P.M.,

            Petitioner,

    v.

WOFFORD, et al.,

            Respondents.

No. 1:26-cv-00316-WBS-CKD

ORDER

----oo0oo----

     J.E.P.M., a native and citizen of Mexico who is being detained in this district by ICE, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Docket No. 1.) The matter was referred to a United States Magistrate Judge pursuant to the local rules of this court.  On April 6, 2026, the assigned Magistrate Judge filed findings and recommendations recommending that the petition be granted.  (See generally Docket No. 12.)  On April 12, 2026, respondents filed objections to the findings and recommendations.  (Docket No. 14.)

1

The same day petitioner filed his petition for a writ of habeas corpus, he filed a motion for temporary restraining order (Docket No. 2), which this court denied the next day (Docket No. 6).  The Magistrate Judge's findings and recommendations do not mention or discuss this court's order denying petitioner's motion for temporary restraining order.  Nor do they appear to consider any of the other cited orders of this court compelling a result contrary to that recommended in the findings and recommendations.  (See generally Docket No. 12.)

For the reasons set forth in its order denying petitioner's motion for temporary restraining order (Docket No. 6), the court declines to adopt the Magistrate Judge's recommendations.  The court is not persuaded to revise its prior determination that petitioner's detention is governed by 8 U.S.C. § 1225, not 8 U.S.C. § 1226.  To the contrary, as of this date the only appellate courts to have considered that issue have reached the same result as this court has, namely, that 8 U.S.C. § 1225 governs.  See Buenrostro-Mendez v. Bondi, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026); Avila v. Bondi, --- F.4th ----, 2026 WL 819258 (8th Cir. 2026).

Having established that 8 U.S.C. § 1225 applies to petitioner, the court once more concludes that "the procedure authorized by Congress" in that statute constitutes procedural "due process" as far as petitioner is concerned.  Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953); see also Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (for noncitizen who "never technically 'entered' the United States," "procedural

2

due process is simply whatever the procedure authorized by Congress happens to be." (citation modified)); Grigoryan v. Barr, 959 F.3d 1233, 1241 (9th Cir. 2020) (same).

And the procedure laid out in 8 U.S.C. § 1225(b)(1)(B)(ii) is clear:  it provides that a non-citizen "shall be detained [pending] further consideration of [his] application for asylum." (emphasis added).  Petitioner, who filed an application for asylum that is currently pending, falls squarely within 8 U.S.C. § 1225(b)(1)(B)(ii)'s mandatory detention provision.  (See Docket No. 1 at 6, 11.)

IT IS THEREFORE ORDERED that petitioner's petition for a writ of habeas corpus (Docket No. 1) be, and the same hereby is, DENIED.

Dated:  April 16, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3